# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| USA, | Case No. 98-cr-20059-JW-1 |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER DENYING PETITION FOR AN EXTRAORDINARY WRIT OF ERROR CORAM NOBIS** |
| VANDIVERE, | |
| Defendant. | [Re: ECF 232] |

Before the Court is James Dow Vandivere's petition for an extraordinary writ of error coram nobis. Pet., ECF 232. For the reasons stated below, Vandivere's petition is DENIED.

On August 10, 1999, Petitioner was found guilty on the following counts after a trial by jury: (1) two counts of 18 U.S.C. § 2251(a), sexual exploitation of children; (2) one count of 18 U.S.C. § 2252(a)(2), certain activities relating to material involving the sexual exploitation of children; and (3) one count of 18 U.S.C. § 2423(a), transportation of minor with intent to engage in criminal sexual activity. Petitioner was sentenced to 235 months in federal prison, three years of supervised release, and fined $2,500. ECF 163. On January 29, 2015, the United States government filed a Certification of a Sexually Dangerous Person pursuant to 18 U.S.C. § 4248, and requested that the District Court for the Eastern District of North Carolina determine whether Petitioner is a sexually dangerous petitioner. *See United States v. Vandivere*, No. 15-hc-2017 (E.D. N.C. filed Jan. 29, 2015). The filing of a certificate under section 4248 "stay[s] the release of the [Petitioner] pending completion of [the] procedures contained in [ ] section [4248]." 18 U.S.C. § 4248(a). The Court held a bench trial in September 2016, but has not yet issued an order. *See id.*, ECF 97.

In his petition, Vandivere claims that he completed his term of imprisonment on July 10,

2015. Pet. 1. He further states that this case "has not been extant or live since 7/10/2015 where constitutional guarantees and adjudicated conditions of transport to leave the state of North Carolina and travel to take up residence in the N.D.Ca. [*sic*] has failed to take place." *Id.* at 2. Vandivere alleges that the failure to transport him from the detention facility in North Carolina to the Northern District of California violates his due process rights and moots the case, creating an inconsistency with Article III of the U.S. Constitution. As to the former, Petitioner argues that his due process rights have been violated because he is not able to serve the three years supervised release, as ordered by the Court, and thus, he is denied his "Civil Rights of travel; association; residency; and employment." *Id.* at 5. As to the latter, Petitioner contends that Article III requires that a case be "extant and live at all stages," and his case no longer satisfies Article III because of the pending action in North Carolina. *Id.* at 1, 4. On these bases, Petitioner seeks a writ of coram nobis to have this case "struck as a moot action under Art. III," thereby depriving the Court of subject matter jurisdiction as of July 10, 2015.

The writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody. *See Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994); *United States v. Walgren*, 885 F.2d 1417, 1420 (9th Cir. 1989). The "writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" *Id.* (quoting *Yasui v. United States*, 772 F.2d 1496, 1498, 1499 & n.2 (9th Cir. 1985), *superseded on other grounds by* Fed. R. App. P. 4, *as recognized in United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005)).

Coram nobis relief is a "highly unusual remedy." *United States v. Riedl*, 496 F.3d 1003, 1004 (9th Cir. 2007). To qualify for coram nobis relief, four requirements must be satisfied: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case and controversy requirement of Article III; and (4) the error is of the most fundamental character. *Kwan*, 407 F.3d at 1011; *Matus-Leva*, 287 F.3d 758 at 760; *Estate of McKinney v. United States*, 71 F.3d 779, 781-782 (9th Cir. 1995) (citation omitted).

Because Petitioner is not attacking a judgment that was infirm at the time it was rendered, his petition must be denied. *Doe v. INS*, 120 F.3d 200, 203 n.4 (9th Cir. 1997) ("*Coram nobis* [is] used to attack a judgment that was infirm at the time it was rendered for reasons that later came to light."). Through his petition, Vandivere seeks to attack the continued viability of the judgment in his criminal case based on conduct alleged to have occurred nearly 17 years after the judgment was rendered. In addition, Petitioner alleges no facts to support a claim that the judgment was infirm when it was rendered. Thus, the issue Vandivere seeks to address is not properly resolved by a writ of error coram nobis.

Accordingly, the Court DENIES Vandivere's petition.[1]

**IT IS SO ORDERED.**

Dated: October 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] Because the certificate of appealability requirement of 28 U.S.C. § 2253(c)(1) does not apply to a petitioner's attempt to appeal denial of a petition for a writ of coram nobis, *Kwan*, 407 F.3d at 1009, the Court does not include a certificate of appealability.